STATE OF IOWA, appellee, v. OLIVER TEBO, appellant.

No. 51028.

(Reported in 127 N.W.2d 646)

APRIL 8, 1964.

Donald V. Doyle, of Sioux City, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Edward F. Samore, County Attorney, Woodbury County, for appellee.

HAYS, J.—Defendant was charged and convicted of conspiring with one Floyd Laber to commit a felony, to wit: assist a felon to escape, in violation of section 719.1, Code of Iowa.

Defendant, Floyd Laber, Jerold Peterman and others were prisoners in the Woodbury County jail and confined in the same cellblock. On or about September 8, 1962, the officials in charge of the jail conducted a "shakedown" of at least a part of the jail including the cellblock where defendant was confined. As a result thereof, hacksaw blades were found in and about Floyd Laber's cell and upon his person. Nothing was found on or about the defendant's person or cell. The charge of conspiracy was filed against defendant but not against any of the other prisoners.

The errors assigned are, in the main, directed to the alleged erroneous reception of evidence offered upon behalf of the State.

██ Conspiracy, the crime charged, consists of a combination or agreement to do the thing charged. The corpus delicti or body of the crime is the agreement to do the illegal act, to wit, assist a felon to escape. No overt act is necessary nor need the object of the agreement be accomplished. State v. Hartman, 213 Iowa 546, 239 N.W. 107; State v. Tedd, 196 Iowa 292, 194 N.W. 184; 15. C. J. S., Conspiracy, section 36; 11 Am. Jur., Conspiracy, section 6. It might be said that no jail break occurred nor did any felon escape.

I. Error is assigned in the reception of testimony given by Jerold Peterman, called as a witness for the State. He stated, over objection, as to overhearing a conversation between defendant and Laber, relative to the procuring of hacksaw blades to be used in an escape from the jail. He also testified to conversations with the defendant regarding the pending jailbreak. Complaint is made that the statement of conversations heard by the witness was hearsay and conclusions. We find no merit to this contention. This testimony as to conversations with the defendant and conversations between defendant and Laber constitutes direct evidence of the existence of an agreement or conspiracy and was competent. 22A C. J. S., Criminal Law, section 756(a).

II. Error is assigned as to testimony of Sheriff Eugene Rodberg as to statements made to him by Laber following the shakedown. These statements were made in the absence of the defendant and were to the effect "he and Tebo were getting out". They were admitted over the objection that it was hearsay. It is conceded by the State that such statements were hearsay but it is claimed that such were properly admitted as being part of the res gestae.

Laber is named in the Information as being a coconspirator with the defendant. The effect of this testimony is to prove the conspiracy, defendant's connection therewith, by a coconspirator by statements made by him out of the presence of the defendant. It has long been the rule in Iowa that neither the nature nor existence of a conspiracy can be established by acts or declarations of one conspirator in the absence and without the knowledge of the other. State v. Manning, 149 Iowa 205, 128 N.W. 345; State v. Tedd, 196 Iowa 292, 194 N.W. 184; 22A C. J. S., Criminal Law, sections 767d and 763. There appears to be an exception to this rule of statements by a coconspirator in the absence of the other. Such statements when made in the furtherance of the conspiracy are admissible against the accused. 22A C. J. S., Criminal Law, sections 774 and 775. An examination of the record clearly shows that the mere statement that "Laber and Tebo were going to escape" is under no possible theory an utterance in furtherance of the conspiracy. It has also been held that an admission by a coconspirator after

452

he has been apprehended is not in any sense in furtherance of the criminal enterprise; it is rather in frustration of it. Fiswick v. United States, 329 U. S. 211, 67 S. Ct. 224, 91 L. Ed. 196. While the record shows that a second search, two days after the first one, revealed more hacksaw blades, so far as the commission of the crime is concerned the coconspirator was apprehended at the time of the first search and neither statement made was in furtherance of the conspiracy.

 The State asserts such statements are admissible as being part of the res gestae. Res gestae has been defined many times and in many ways. It usually comprehends a situation which presents a startling and unusual occurrence sufficient to produce a spontaneous and instinctive reaction, during which interval certain statements are made under circumstances as to show a lack of forethought or deliberate design in the formation of its content. Such statements are admissible as an exception to the hearsay rule. 20 Am. Jur., Evidence, section 662; .22A C. J. S., Criminal Law, section 662(1).

This record shows the only thing happening was the finding of the hacksaw blades. Laber was asked "how many of you fellows were going to get out?" and he replied "he and Tebo". We find nothing startling or unusual in this record nor any spontaneous reaction thereto as evidenced by the statement made. These statements were not admissible under any theory and constituted prejudicial error.

III. Error is assigned in the admission into evidence of a letter, Exhibit 7, written by the prisoner Jerold Peterman, advising the authorities of a pending jailbreak and stating that defendant was involved. In the briefs and arguments in this court both State and defendant consider the objection made thereto, to embrace hearsay. The State denies that such was hearsay but was admissible to explain subsequent conduct of official in conducting the shakedown. While we are not much impressed with this contention, see 22A C. J. S., Criminal Law, section 729, we do not determine the question since it appears that the objection interposed does not specifically allege hearsay.

While other alleged errors are asserted, we find no merit therein and give them no further consideration.

For the reasons set forth above, the judgment of the trial court is reversed and cause remanded.—Reversed and remanded.

All JUSTICES concur.